HARRISON *v.* SWIFT & COMPANY.

4-5895                                                   139 S. W. 2d 4

Opinion delivered April 8, 1940.

*Bon McCourtney,* for appellant.

*Arthur L. Adams,* for appellee.

HUMPHREYS, J. This suit was brought by appellants against appellee in the circuit court of Craighead county, Jonesboro district, for damages resulting from eating cheese that they purchased from the Liberty Cash Store in Jonesboro, Arkansas, and which was manufactured by appellee and sold by it to said store, alleging that the cheese was unfit for human consumption on account of its negligence in manufacturing same; that they ate thereof and became violently ill and suffered damages in the sum of $500 each and prayed for a judgment in the total sum of $1,500.

A summons was issued on the complaint and served upon M. J. Bozarth by the sheriff of the county upon which the following return by the sheriff appears: ''On the 9th day of June, 1939, I have duly served the within writ by delivering a copy, and stating the substance thereof, to M. J. Bozarth who is an agent and in charge of a place of business of the defendant at 715 Hunington Avenue, Jonesboro, Craighead county, Arkansas, there being no president, secretary or other chief officer found in said county and service was had on the said M. J. Bozarth at said address, as I am hereby commanded.''

Appellee appeared specially for the purpose of filing a motion to quash the summons and the return thereof, which is as follows: ''That it did not and never had maintained an office or place of business in Jonesboro or in Craighead county, Arkansas; that M. J. Bozarth was not an agent of said company, but a salesman in the employ of said company; that he did not maintain an office or place of business; that he was not authorized by defendant to maintain an office or place of business in Craighead county; that his duties had at all times been the duties of a salesman; that the orders taken by him were sent to defendant out of the state of Arkansas and shipments were made direct to the persons making

such orders, that defendant did not maintain a warehouse or storage plant of any nature in Craighead county.''

Appellant filed an answer to the motion stating that the service of summons was properly had upon appellee.

The trial court heard the motion to quash the summons upon the oral testimony of M. J. Bozarth and entered an order quashing the summons and the return of service thereon to which appellants excepted and, appellant declining to plead further, the court rendered a judgment dismissing the cause of action to which appellants excepted and prayed an appeal to this court which was granted.

The testimony of M. J. Bozarth, stated in the most favorable light to appellants is, in substance, as follows: That he lived at 715 Hunington avenue in Jonesboro, where he was served with the summons; that he was a salesman for appellee in the city of Jonesboro and towns adjacent thereto and that he traveled into Poinsett, Greene, Cross, and Mississippi counties; that he goes to the place of business of his customers and takes orders for the products of appellee and transmits them to appellee's Mississippi Stock Yards in St. Clair, Illinois; that he collects on the orders for appellee, and that if there is an account that needs looking after, he does that also; that he has authority to do and does anything pertaining to appellee's business in the line of his job as salesman for it; that he is a resident of Craighead county and has been for over three years; that he rents a home and pays the rent himself; that he maintains no office or place of business in Jonesboro either for himself or appellee; that he receives most of his mail from appellee directed to him at Jonesboro at his house number; that there are no signs of appellee in or on his residence; that he sells to about twenty-five business people in Jonesboro and has about one hundred accounts in his territory; that he writes most of his letters from the house and sometimes writes them from the post office, but that he would not call his house an office or a place

of business; that both he and appellee regard the town of Jonesboro as his headquarters; that he pays for his own telephone in his house except long distance calls in connection with the business and that he pays for those calls which he makes from the house just like he would pay any other telephone long distance call from any other place out of his expense account; that he receives a salary from appellee and does not get a commission for sales or collections; that he renders a separate expense account for expenses during the week including the long distance calls; that he has no authority to rent an office and add same to his expense account, and that he is not required to carry on business for appellee at his home; that his method of doing business is to call on the trade and take orders and collect for same, but that he does most of his correspondence from his home and receives most of his mail there.

Appellants' contention for a reversal of the judgment is that, under the pleadings and testimony detailed above, appellee at the time of the service upon M. J. Bozarth was keeping or maintaining at Jonesboro, Craighead county, a place of business in charge of its agent, servant or employee and subject to the service of summons or other process in suits brought in the county where the place of business was located in accordance with § 1369 of Pope's Digest, which is as follows:

"Any and all foreign and domestic corporations who keep or maintain in any of the counties of this state a branch office or other place of business shall be subject to suits in any of the courts in any of said counties where said corporations so keep or maintain such office or place of business, and service of summons or other process of law from any of the said courts held in said counties upon the agent, servant or employee in charge of said office or place of business shall be deemed good and sufficient service upon said corporations and shall be sufficient to give jurisdiction to any of the courts of this state held in the counties where said service of summons or other process of law is had upon said agent, servant or employee of said corporation."

This statute means that any corporation which maintains a place of business in any of the counties of this state shall be subject to suits in any of the courts in any of the said counties if it keeps or maintains a place where a well defined line of business is carried on with an agent in charge of that business. It means a place of business kept by the corporation with an agent, servant or employee in charge thereof. It does not mean that a traveling salesman for the corporation may be served at any place in his territory and that service upon him anywhere in his district would be sufficient service upon the corporation. If that were the meaning of the statute service might be had upon a traveling salesman who happened to be in any county in the state if the county is covered by the territory in which the salesman traveled. It necessarily means that a corporation may be summoned into any court to answer a suit by service upon an agent, servant or employee in charge of a place of business which is kept or maintained by the corporation in any county where sued. The business kept or maintained by the corporation need not necessarily be in a house or building of any kind. If there is a business kept or maintained by it in any of the said counties in charge of an agent, servant or employee service may be had upon it by service upon the agent, servant or employee in charge of the business. It is immaterial whether the agent, servant or employee is a general or a special agent, servant or employee.

The question in the instant case is whether M. J. Bozarth was an agent, servant or employee of a place of business kept or maintained in Jonesboro, Craighead county, by appellee at the time the summons was served upon him. The summons was served upon him at his place of residence where he and his family resided and had been residing for more than three years. He testified positively that he was a traveling salesman and his method of doing business for appellee was by calling on its customers in his territory and taking orders from them and afterwards calling upon them and collecting for same, perhaps the next week; that he paid his own

rent upon his home and his own telephone bill, but that some times he communicated with his customers by long distance calls over his house telephone for which he paid out of his expense account furnished by appellee, just as he did when he called over other phones. He also testified that in addition to taking orders and later collecting the accounts and sometimes adjusting them he attended to other matters when it requested him to do so.

Appellants refer us to a number of cases in which we have decided that service upon an agent of a corporation is a sufficient service upon the corporation under § 1369 of Pope's Digest, but in all the cases cited we did so because the evidence showed that the service was upon an agent, servant or employee in charge of a place of business kept or maintained by the corporation in the county where the suit was brought.

Among the cases cited and principally relied upon is the case of *Berryman* v. *Cudahy Packing Co.*, 189 Ark. 1151, 76 S. W. 2d 956. It is true that Charles Westerfield, upon whom service was procured in that case, testified to many things testified to by M. J. Bozarth in the instant case, but the difference in the cases is that in the Berryman case Westerfield testified that he had an office in Russellville, and that the orders were made out at the office. This court ruled in the Berryman case, quoting syllabus No. 2, that: ''A foreign corporation which maintains an agent with an office in the state, and which authorizes the agent to repossess merchandise and sell it to others whenever the buyer refuses to receive it, *held* to be doing business in the state, and service on the agent confers jurisdiction over the corporation.''

No error appearing, the judgment is affirmed.